IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                             No. 1:22cv00326

NEW ENTERPRISES, LLC,
RAFAEL MORA and
M&J OILFIELD SERVICES, LLC,

    Defendants.

## TRAVELERS COMPLAINT FOR DECLARATORY RELIEF

For its Complaint for Declaratory Relief against New Enterprises, LLC, Rafael Mora and M&J Oilfield, Plaintiff Travelers Casualty Insurance Company of America states as follows:

## THE PARTIES

1.    Travelers Casualty Insurance Company of America ("Travelers") is a Connecticut corporation with its principal place of business in Connecticut.

2.    Defendant New Enterprises, LLC ("New Enterprises") is a single member New Mexico limited liability company organized under the laws of the State of New Mexico with its principal place of business in New Mexico. The sole member of New Enterprises is New Mexico resident Neil Wiggins. Thus, New Enterprises is a citizen of the State of New Mexico.

3.    New Enterprises operates a bar inside the Econo Lodge in Carlsbad, New Mexico and is in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages.

4.    Defendant Rafael Mora ("Mora") is a resident of Eddy County, New Mexico and a citizen of the State of New Mexico.

5.    Defendant M&J Oilfield Services, LLC ("M&J") is a single member New Mexico limited liability company organized under the laws of the State of New Mexico with its principal

place of business in New Mexico.  The sole member of M&J is New Mexico resident Jesus Michael Adan Carrasco.  Thus, M&J is a citizen of the State of New Mexico.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. There is complete diversity of citizenship as to all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. The claims at issue in this action arose in the District of New Mexico.  Venue is, therefore, proper in this Court pursuant to 28 U.S.C. § 1391.

9. Declaratory relief is requested pursuant to 28 U.S.C. § 2201.

10. There is an actual justiciable controversy between Travelers and Defendants regarding whether Travelers has any duty to defend and/or indemnify New Enterprises under the Travelers policy for the claims made against it by Mora and M&J.  Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation with respect to the issues raised by this Complaint.

## GENERAL ALLEGATIONS

*New Enterprises Insurance Policies*

11. Travelers issued Policy No. 680-329M250-19-42 to New Enterprises with a policy period from May 9, 2019 to May 9, 2020 ("Policy").  The Policy contains general liability coverage as outlined therein and copy of the Commercial General Liability Coverage Forms along with the Policy declarations is attached hereto as Exhibit A.

12. The Policy Insuring Agreement provides, in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>       (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
>       (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
>    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

*See* Exhibit A, CG T100 0219 form at page 1.

      13.      The Policy issued to New Enterprises, LLC contains several exclusions including the following:

> 2. **Exclusions**
>
>    This insurance does not apply to:
>
>    c. **Liquor Liability**
>
>    "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
>       (1) Causing or contributing to the intoxication of any person;
>
>       (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

*Id* at pages 2-3.

14. New Enterprises is insured for liquor liability under a separate insurance policy issued by Mount Vernon Fire Insurance Company policy No. CL 2620039G.

*The Underlying State Court Complaint*

15. On June 25, 2021, Julie Berg, Personal Representative of the Estate of Charles Grant Neavear filed a Complaint to Recover Damages for Personal Injury/Wrongful Death against Rafael Mora, M&J Oilfield Services, LLC and Arch Insurance in the 5th Judicial District Court, County of Eddy, State of New Mexico; No. D-503-CV-2021-00442.

16. The Neavear Estate claims that Mora, while in the course and scope of employment with M&J operated a company commercial motor vehicle in a manner that caused the death of Neavear.

17. Mora and M&J filed an Answer and a Third-Party Complaint against the Neavear Estate and NJ Hospitality Corporation and New Enterprises LLC d/b/a Ocotillo Bar & Grill, Choice Hotels International Inc. and Choice Hotels International Service Corp d/b/a Econo Lodge, Carlsbad, N.M. A copy of the Third-Party Complaint is attached here to as Exhibit B.

18. Mora and M&J claim that while driving a vehicle owned by M&J, Mora was hit by drunk driver Nevear, and that Mora and M&J suffered damages. Exhibit B, at paragraphs 11-14.

19. Mora and M&J further claim that the third-party defendants, NJ Hospitality Corporation and New Enterprises LLC d/b/a Ocotillo Bar & Grill, Choice Hotels International Inc. and Choice Hotels International Service Corp d/b/a Econo Lodge, Carlsbad, N.M sold, served,

4

procured, aided in the procurement, and/or caused to be served alcoholic beverages to Neavear even though it was apparent that he was intoxicated.  Exhibit B, at paragraph 16.

20. Mora and M&J's Third-Party Complaint alleges that the Third Party Defendants sale, service or provision of alcohol to Neavear was a cause of Neaver's injuries and damages (Count I – New Mexico Common Law and Statutory Liquor Liability).  Exhibit B, at paragraph 24.

21. The Third-Party Complaint also includes claims of Negligent Hiring, Supervision, Training and Retention (Count II) related to over serving Neavear and permitting him to leave; Failure to Provide Adequate Security (Count III) to ensure that intoxicated patrons did not leave the premises; Innkeeper's Liability (Count IV) duty to protect public form intoxicated indviduals; Joint Venture (Count V); and Negligence and Negligence Per Se predicated on Neavear's driving while intoxicated (Count VI).  *See generally* Exhibit B.

22. The Third Party Complaint claims that the Counter-Defendant and Third-Party Defendants should be held jointly and severally liable for all damages, and that the Third-Party Defendants are vicariously liable under the doctrine of respondeat superior for the acts and omission of their agents and employees.  Exhibit B, at page 7.

23. New Enterprises tendered the Third-Party Complaint for defense and indemnification to Travelers.

24. The Travelers Policy does not apply to the claims raised in the Third-Party Complaint because all of the claims arise out of the sale and service of alcohol and each claim is excluded under the Liquor Liability exclusion in the Policy.

25. Travelers informed New Enterprises that although it believes that there is no indemnity for any of the claims raised, it would defend New Enterprises in the Third Party pursuant to a complete reservation of rights including the right to withdraw from the defense.

**COUNT ONE – DECLARATORY RELIEF**

26. Travelers incorporates the allegations of paragraphs numbered 1 through 25 above as though fully set forth herein.

27.     The rights and obligations of Travelers and Defendants are in dispute and affected by the terms and conditions of the Travelers policy at issue and New Mexico case law.

28.     Mora and M&J are interested parties here as they are the plaintiffs in the Third-Party action.

29.     Thus, a controversy exists between the parties regarding whether New Enterprises is entitled to a defense and/or indemnification for the claims made against them by Mora and M&J.

30.     As set forth above Travelers does not owe either a defense or indemnification obligation for the claims in the Third-Party Complaint because New Enterprises is in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages and all of the claims in the Third-Party Complaint are excluded under the Liquor Liability Exclusion.

31.     By reason of the foregoing, there now exists an actual justiciable controversy between Travelers, New Enterprises, Mora and M&J.  Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation with respect to the issues raised by this Complaint.

WHEREFORE, Travelers respectfully requests that this Court declare the rights and obligations of the parties hereto in accordance with Travelers contentions herein; specifically that:

(A) Judgment be entered in Travelers favor and the Court enter a declaration regarding the rights and obligations of each of the parties with respect to the dispute herein and find that there is no coverage under the Travelers policy for the claims asserted in the Third-Party Complaint;

(B) That it enter judgment declaring that Travelers has no duty to defend New Enterprises for the claims asserted in the Third-Party Complaint and that Travelers may withdraw from the defense that it is providing under a reservation of rights; and

(C) Awarding Travelers such other relief, including its costs as this Court deems just and proper.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Jennifer A. Noya*
    Jennifer A. Noya
    Sonya R. Burke
    Attorneys for Travelers
    Post Office Box 2168
    Bank of America Centre, Suite 1000
    500 Fourth Street, N.W.
    Albuquerque, New Mexico 87103-2168
    Telephone: (505) 848-1800

Y:\dox\client\82357\0159\DRAFTS\W4387998.DOCX