IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Plaintiff,

v.                                                                              No. 2:22-cv-00326-CG-GJF

NEW ENTERPRISES, LLC,
RAFAEL MORA and
M&J OILFIELD SERVICES, LLC,

      Defendants.

## <u>TRAVELERS' MOTION FOR SUMMARY AND DEFAULT JUDGMENT</u>

Plaintiff Travelers Casualty Insurance Company of America ("Travelers") through its attorneys, Modrall, Sperling, Roehl, Harris & Sisk, P.A., moves this Court pursuant to Rules 55 and 56 for summary and default declaratory relief in its favor. Travelers seeks declaratory judgment that the Travelers Policy does not provide defense or indemnity for claims raised by in underlying state court litigation against New Enterprises LLC d/b/a Ocotillo Bar & Grill. In that litigation, Defendants M&J Oilfield Services, LLC, and Rafael Mora allege that New Enterprises overserved Charles Neavear, who was in an auto accident that he did not survive with Rafael Mora. The Travelers Policy issued to New Enterprises contains a clear, unambiguous liquor liability exclusion that precludes defense and indemnity for the claims at issue. Accordingly, Travelers is entitled to summary judgment in its favor and a declaration that it has no duty to defend or indemnify New Enterprises in the underlying state court action. New Enterprises has not answered or defended this action, and so Travelers moves pursuant to Rules 55 and 56 for summary and default judgment in this suit for declaratory relief.

## <u>Background</u>

On January 8, 2020, Defendant Rafael Mora was in a motor vehicle accident with Charles Neavear that Neavear did not survive. Neavear's estate filed suit against Mora and M&J Oilfield Services, LLC in the Fifth Judicial District of the State of New Mexico. *See Berg v. Mora,* D-503-CV-2021-00442. Mora and M&J Oilfield Services, LLC, then filed a third-party Complaint

against multiple defendants, including New Enterprises LLC d/b/a Ocotillo Bar & Grill. *See id.,* First Am. Counterclaim and Third-Party Complaint [Doc. 1, Ex. B].   Travelers is not a party to the state court litigation. *See generally, id*.

As set forth in Travelers' Complaint for Declaratory Relief [Doc. 1], Travelers issued Policy No. 680-329M250-19-42 to New Enterprises. *Id*. ¶ 11.  The Policy contained commercial general liability coverage that specifically excluded liquor liability. *Id*. ¶¶ 11-13. In Mora and M&J Oilfield Services' third-party Complaint against New Enterprises, they allege that New Enterprises is liable to M&J and Mora for Neavear's claimed damages because New Enterprises allegedly sold, served, or provided alcohol to Neavear.  First Am. Counterclaim and Third-Party Complaint, ¶ 20 [Doc. 1, Ex. B].  Mora and M&J claim that New Enterprises is jointly and severally liable for all damages. First Am. Counterclaim and Third-Party Complaint at 7 [Doc. 1, Ex. B].  Accordingly, Travelers filed the present suit, seeking a declaration that its policy does not apply to the damages for which Mora and M&J claim New Enterprises is liable.

## Undisputed Material Facts

The following facts are undisputed.  When citations are made to the Complaint in this matter, those allegations are deemed admitted through New Enterprise's failure to file a responsive pleading. *See* Fed. R. Civ. P. 8(b)(6) ("an allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"). Further, the Court is to look to the allegations in the underlying state court to Complaint in deciding whether coverage exists. *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 619-20, 642 P.2d 604, 605-06 (1992).

1.    New Enterprises, d/b/a Ocotillo Bar & Grill, operates a bar inside the Econo Lodge in Carlsbad, New Mexico and is in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages.  Compl., ¶ 3.

2.    Travelers issued Policy No. 680-329M250-19-42 to New Enterprises with a policy period from May 9, 2019 to May 9, 2020 ("Policy").  *See* Policy, previously attached to the

Complaint for Declaratory Judgement [Doc. 1, Ex. A] and attached hereto for convenience as Ex. A. The Policy contains general liability coverage as outlined therein. *Id*.

       3.      The Policy Insuring Agreement provides, in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>       **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
>       **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
>    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

*See* Ex. A, CG T100 0219 form at page 1.

       4.      The Policy issued to New Enterprises, LLC contains several exclusions including the following:

> **2. Exclusions**
>
>    This insurance does not apply to:
>
> **c. Liquor Liability**
>
>    "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
>       **(1)** Causing or contributing to the intoxication of any person;
>
>       **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

> **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

*Id* at pages 2-3.[1]

5.      New Enterprises is insured for liquor liability under a separate insurance policy issued by Mount Vernon Fire Insurance Company, Policy No. CL 2620039G.  Compl., ¶ 14.

6.      On January 8, 2020, Charles Neavear and Rafael Mora were in an automobile accident that Neavear did not survive.  *See* Police Report, excerpts attached as Ex. B.

7.       On June 25, 2021, Julie Berg, Personal Representative of the Estate of Charles Grant Neavear, filed a Complaint to Recover Damages for Personal Injury/Wrongful Death against Rafael Mora, M&J Oilfield Services, LLC and Arch Insurance in the 5th Judicial District Court, County of Eddy, State of New Mexico; No. D-503-CV-2021-00442, alleging that Mora, while in the course and scope of employment with M&J, operated a commercial motor vehicle in a manner that caused Neavear's death.   *See generally,* Complaint, *Berg v. Mora,* D-503-CV-2021-00442.

8.      Mora and M&J filed an Answer and a Third-Party Complaint against the Neavear Estate, NJ Hospitality Corporation, New Enterprises LLC d/b/a Ocotillo Bar & Grill, Choice Hotels International Inc. and Choice Hotels International Service Corp d/b/a Econo Lodge, Carlsbad, N.M.  Compl., ¶ 17; *see also* Third-Party Complaint previously attached to the Complaint for Declaratory Judgement [Doc. 1, Ex. B] and attached hereto for convenience as Ex. C.

---

[1] As discussed more fully herein, this liquor liability exclusion is identical to those addressed in *Federated Mut. Ins. Co. v. Ever-Ready Oil Co.,* No. 09-CV-857 JEC/RHS, 2012 WL 11945481 (D.N.M. Mar. 9, 2012) and *Union Ins. Co. v. Bandido Hideout, Inc.,* No. 11-CV-351 MCA/LFG, 2012 WL 13076230, at *1 (D.N.M. Sept. 28, 2012).

9.      Mora and M&J claim that while driving a vehicle owned by M&J, Mora was hit by drunk driver Nevear, and that Mora and M&J suffered damages.  Compl., ¶ 18; *see also* Ex. C, Third-Party Complaint, ¶¶ 11-14.

10.     Mora and M&J further claim that the third-party defendants, NJ Hospitality Corporation and New Enterprises LLC d/b/a Ocotillo Bar & Grill, Choice Hotels International Inc. and Choice Hotels International Service Corp d/b/a Econo Lodge, Carlsbad, N.M sold, served, procured, aided in the procurement, and/or caused to be served alcoholic beverages to Neaveav even though it was apparent that he was intoxicated.  Compl., ¶ 19; Ex. C, ¶ 16.

11.     Mora and M&J's Third-Party Complaint alleges that the Third Party Defendants' sale, service or provision of alcohol to Neavear was a cause of Neaver's injuries and damages (Count I – New Mexico Common Law and Statutory Liquor Liability).  Compl., ¶ 20; Ex. C, ¶ 24.

12.     The Third-Party Complaint also includes claims of Negligent Hiring, Supervision, Training and Retention (Count II) related to over serving Neavear and permitting him to leave; Failure to Provide Adequate Security (Count III) to ensure that intoxicated patrons did not leave the premises; Innkeeper's Liability (Count IV) duty to protect public form intoxicated indviduals; Joint Venture (Count V); and Negligence and Negligence Per Se predicated on Neavear's driving while intoxicated (Count VI).  Compl., ¶ 21; *See generally* Ex. C.

13.     The Third Party Complaint claims that the Counter-Defendant and Third-Party Defendants should be held jointly and severally liable for all damages, and that the Third-Party Defendants are vicariously liable under the doctrine of respondeat superior for the acts and omission of their agents and employees.  Compl., ¶ 22; Ex. C, p. 7.

14.     New Enterprises tendered the Third-Party Complaint for defense and indemnification to Travelers. Compl., ¶ 23.

## Legal Standard

This Motion is for default and summary judgment pursuant to Rules 55 and 56 of the Federal Rules of Civil Procedure.  Typically, pursuant to Rule 55 the Clerk must enter default judgment against a party who has failed to answer a Complaint.  *See* Fed. R. Civ. P. 55(a).  That

is not the case in an action for declaratory relief, where the plaintiff must demonstrate that the facts and law entitle the plaintiff to the declaratory relief sought. *See, e.g., Cincinnati Specialty Underwriters Ins. Co. v. Albuquerque Navajo Lodge 863 I.B.P.O.E. of W.,* No. CV 15-572 KG/WPL, 2015 WL 13540671, at *4 (D.N.M. Nov. 23, 2015) (acknowledging that default judgment in the insurer's favor granting declaratory relief is proper where the policy excludes coverage for the claimed injuries and damages and, accordingly, there is no duty to defend or indemnify); *see also* Nevada Gen. Ins. Co. v. Anaya, 326 F.R.D. 685, 690 (D.N.M. 2018). Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50; *see Smith v. Rail Link, Inc.*, 697 F.3d 1304, 1309 n.2 (10th Cir. 2012) ("A mere scintilla of evidence will not suffice to allow a nonmoving party to survive summary judgment.").

<u>**Argument**</u>

**I.    The Plain Language of the Liquor Liability Exclusion Precludes Coverage.**

"In cases arising under federal diversity jurisdiction, the law of the forum state" is applied. *Safeco Ins. Co. of Am. v. Hilderbrand*, 602 F.3d 1159, 1163 (10th Cir. 2010). In New Mexico and elsewhere, "an insurance policy is a contract and is generally governed by the law of contracts and the rights and duties of the parties are to be determined by its terms." *Thompson v. Occidental Life Ins. Co.*, 1977-NMCA-071, ¶ 4, 90 N.M. 620, 567 P.2d 62, *cert. denied*, 91 N.M. 4, 569 P.2d 414 (1977). When an insurance contract is unambiguous, that language should be construed in its usual and ordinary sense. *See, e.g., Security Mutual Casualty Co. v. O'Brien*, 1983-NMSC-035, 99 N.M. 638, 662 P.2d 639 (1983) (unambiguous policies that do not contravene public policy must be enforced as written). In other words, New Mexico courts may not strain to locate ambiguities where none exist so as to find coverage; nor may the courts violate the plain language

of insurance policies by interpreting them to provide coverage where it was not intended. *See, e.g.*

*Gonzales v. Allstate Ins. Co*., 1996-NMSC-041, ¶ 16, 122 N.M. 137, 141, 921 P.2d 944, 948.

Insurance policies are not interpreted to provide coverage for risks the insurer did not

contemplate or underwrite or for which it did not receive a premium. Consequently, New Mexico

courts do not alter contracts by construction, but only interpret and enforce the contract the parties

made for themselves. *Battishill v. Farmers Alliance Ins. Co.*, 2006-NMSC-004, ¶ 20, 139 N.M.

24, 127 P.3d 1111. The New Mexico Court of Appeals has explained:

> Absent ambiguity, provisions of [an insurance] contract need only
> be applied, rather than construed or interpreted. This Court must
> enforce clear and unambiguous contract terms. When the language
> in the policy is unambiguous, we will not strain the words to
> encompass meanings they do not clearly express.

*Slack v. Robinson*, 2003-NMCA-083, ¶ 8, 134 N.M. 6, 71 P.3d 514 (internal citations and quotation

marks omitted). Further, "consideration, force, and effect must, if possible, be given to all parts

thereof," and policy language should not be disregarded as mere surplusage. *Honeycutt v. Farmers*

*Ins. Co. of Ariz.,* Civ. No. 07-0184, 2009 WL 10669241 at *3 (D.N.M. Feb. 13, 2009) (quoting

*Mut. Life Ins. Co. of N.Y. v. Weigel*, 197 F.2d 656, 658-59 (10th Cir. 1952)). The party seeking

coverage usually bears the burden of proving that its claim is within the description of the risks

covered by the policy. *Lopez v. Foundation Reserve Ins. Co., Inc*., 1982-NMSC-034, 98 N.M.

166, 646 P.2d 1230.

Here, under the plain language of the liquor liability exclusion, coverage is precluded for

bodily injury or property damage arising out of "causing or contributing to the intoxication of any

person":

**2. Exclusions**

This insurance does not apply to:

**c. Liquor Liability**

"Bodily injury" or "property damage" for which
any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication
of any person;

**(2)** The furnishing of alcoholic beverages to a
person under the legal drinking age or
under the influence of alcohol; or

> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

Ex. A, Policy, pp. 2-3.  All of the allegations against New Enterprises arise from the alleged sale or provision of alcohol to Charles Neavear.  [UMFs 8-13].    Because this is the precise risk excluded by the Policy, coverage does not exist under the Travelers Policy.  The Court cannot construe unambiguous terms against the insurance company.  *Miller v. Triad Adoption & Counseling Servc., Inc.,* 2003-NMCA-055, ¶ 8, 133 N.M. 544, 65 P.3d 1099; *Safeco Ins. Co. of Am. v. McKenna*, 1977-NMSC-053, 90 N.M. 516, 565 P.2d 1033 (an insurance policy may exclude damages as long as the exclusionary clause is clear and does not conflict with statutory law).

## II.    Courts Interpreting Liquor Liability Exclusions Enforce Them and Apply Them to Those Claims "Inextricably Intertwined" With the Sale of Alcohol.

There are no reported New Mexico decisions interpreting or applying liquor liability exclusions.  However, two District of New Mexico cases have analyzed liquor liability exclusions at length.  Each has enforced the exclusion, finding that it was unambiguous, and concluding that it precluded coverage for dram shop claims.  Further, this Court has analyzed whether other derivative claims are excluded, and this Court has concluded that New Mexico courts would adopt the majority test of analyzing whether the claims are inextricably intertwined with the sale of alcohol such that the excluded risk was the factual basis for the other claims.  Because the allegations in the underlying state court action in this matter are inextricably intertwined with the sale of alcohol, all claims alleged against New Enterprises are excluded pursuant to the liquor liability exclusion in the Travelers Policy.

In *Federated Mutual Insurance Company v. Ever-Ready Oil Company,* Senior District Judge Conway evaluated a liquor liability exclusion and whether it precluded coverage for claims

of illegal service of alcohol to a visibly intoxicated individual (dram-shop liability), negligent hiring, training, supervision, staffing and retention, and spoliation, alter-ego and joint venture liability, breach of contract, and violation of the Unfair Practices Act. No. 09-CV-857 JEC/RHS, 2012 WL 11945481, at *1 (D.N.M. Mar. 9, 2012). In facts very similar to that at issue in this case, the insured in *Federated* was alleged to have sold liquor to an allegedly visibly intoxicated patron who was subsequently involved in a fatal two-car accident. *Id.* After state court litigation was filed, Federated filed a declaratory judgment action in this Court seeking a declaration that the liquor liability exclusion in its Commercial General Liability Policy precluded coverage. *Id.* The liquor liability exclusion at issue in the Federated Policy stated:

> c. Liquor Liability
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>> (1) Causing or contributing to the intoxication of any person;
>> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

*Id.* at *3. In other words, it mirrors the exclusion at issue in this case. The Court found "that the liquor-liability exclusion in the CGL policy is unambiguous in its exclusion of the dram-shop and negligence claims." *Id.* at *4. The Court explained:

> The liquor-liability exclusion in the CGL policy precludes coverage for "bodily injury" by reason of "causing or contributing to the intoxication of any person" or "furnishing of alcoholic beverages to a person under the influence of alcohol." Mot. at 11 (quoting CGL policy). This is exactly what is alleged in the underlying dram-shop liability claim—that ERO is liable because its employee allegedly sold alcohol to a visibly intoxicated driver. The dram-shop liability claim clearly and unambiguously falls within the liquor-liability exclusion. The claims of negligent hiring, training, supervision, staffing and retention of that employee also fall within the exclusion because they are directly related to the purportedly negligent sale of alcohol. To conclude otherwise would allow parties to circumvent the intent and meaning of liquor-liability exclusions through the use of artful pleading. Because these claims are premised upon the very type of risk identified in the liquor-liability exclusion, they are precluded from coverage.

*Id.* at *5 (internal citation omitted). The Court extended this same analysis to joint venture and alter-ego theories of liability, concluding that any liability the owner would have "would necessarily stem from the serving of alcohol to an already intoxicated person." *Id.* at *6 (quoting *First Fin. Ins. Co. v. Roach,* 80 F.3d 426, 429 (10th Cir.1996)). Accordingly, the Court found that the liquor liability exclusion precluded coverage for all of the claims alleged. *Id.* at *10. *Federated* is so similar in the claims alleged and the factual basis for those claims as to require this Court to conclude that the Travelers Policy likewise does not provide coverage for the claims alleged against New Enterprises, all of which are premised upon the provision of alcohol to Neavear.

In *Union Ins. Co. v. Bandido Hideout, Inc.,* the Court analyzed whether a liquor liability exclusion in a CGL policy precluded coverage for underlying state court litigation arising out of a fight and shooting between ejected bar patrons. No. 11-CV-351 MCA/LFG, 2012 WL 13076230 (D.N.M. Sept. 28, 2012). The underlying state court complaint alleged that patrons of the bar became increasingly intoxicated and rowdy as the evening progressed. *Id.* at *1. Bouncers ejected the patrons and locked the door to prevent reentry. *Id.* A patron inside heard gunshots and left the bar to find that a fight between the ejected patrons had escalated to a shooting. *Id.* The state court action alleged several claims premised upon the intoxication of the parties, in addition to more general claims about whether the security officers were negligent in the manner in which parties that were fighting were ejected from the premises and not allowed to return. *Id.* In the Federal Court declaratory judgment action that ensued, the Court analyzed a liquor liability exclusion identical to that at issue in the present case. *Id.* at *2-3. The Court in *Bandido* discussed at length the factual basis for the claims, involving a mix of both alcohol-related allegations as well as allegations unrelated to the provision of alcohol, in concluding that New Mexico would adopt the majority test for deciding whether a liquor liability exclusion precludes coverage:

> This Court is persuaded that New Mexico courts would embrace the majority's test in light of the fact that, in New Mexico, courts examine the origin of the damages, or the facts giving rise to the action, to decide the applicability of an exclusionary clause. *Lopez*, 117 N.M. at 209, 870 P.2d at 747. New Mexico courts would look to the nexus between the consumption of alcohol and the allegations and would inquire whether the allegations are inextricably intertwined with the negligent provision of alcohol to determine if the liquor liability exclusion applies and precludes coverage.

*Id.* at *9. Applying the majority test, the Court concluded that the Policy did not apply to any of the claims arising out of the intoxication of the patrons. *Id.* With respect to the remaining claims, the Court found that it was unable to inextricably link the gun-wielding patron to the service of alcohol, and therefore would not preclude coverage under the liquor liability exclusion. *Id.* at *10.

The facts in the present case are distinguishable from *Bandido*, and parallel to *Federated*. In *Bandido,* an independent criminal act occurred that was not necessarily linked to the provision of alcohol – namely, a patron brought a gun and engaged in a fight which may or may not have been related to his intoxication. There is no such allegation in the underlying state court action in the present case, in which the *only* facts forming the basis for the claims against New Enterprises arise out of the provision of alcohol to Neavear. Accordingly, just as was the case in *Federated*, all of the claims against New Enterprises are based upon the provision of alcohol to Neavear, and the liquor liability exclusion precludes coverage for all claims against New Enterprises as a matter of law.

### III.    Travelers Has No Duty to Defend or Indemnify New Enterprises in the Underlying Action.

As demonstrated in Sections I and II, *supra*, the claims at issue in the state court action are excluded from coverage under the plain language of the Travelers Policy. An insurer is not required to defend the underlying action when the insurer shows as a matter of law that all claims in the collateral action arise from an injury excluded by the insurance policy. See *Lopez v. NM Pub. Sch. Ins. Auth.*, 117 N.M. 207, 210, 870 P.2d 745, 748 (1994) (citing *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 619-20, 642 P.2d 604, 605-06 (1992)

In a collateral action, such as the one at hand, the insurer should not seek to "establish actual facts either contrary to or not alleged in the complaint, thereby relieving the [insurer] from a duty either to defend or to pay under the terms of the policy as a matter of law." *Mullenix*, 97 N.M. at 620, 642 P.2d at 606. Instead, the Court will only consider the collateral complaint itself in determining whether "the alleged facts tend to show an occurrence within the coverage." *Id*. quoting *American Employers' Ins. Co. v. Continental Cas. Co.,* 85 N.M. 346, 348, 512 P.2d 674, 676 (1973).

When a complaint, such as the M&J and Mora Third-Party Complaint, states facts "with sufficient clarity," it may be determined from its face whether or not the action is within the coverage of the policy. *Id*. at 619-20, 642 P.2d at 605-06 (internal quotation marks omitted) (quoting *Am. Emp'rs' Ins. Co. v. Cont'l Cas. Co*., 85 N.M. 346, 348, 512 P.2d 674, 676 (1973)). This means that because the allegations of the Third-Party Complaint clearly fall outside the provisions of the policy, "neither defense nor indemnity is required." *Bernalillo Cnty. Deputy Sheriff's Ass'n v. Cnty of Bernalillo*, 114 N.M. 695, 697, 845 P.2d 789, 791 (1992).

M&J and Mora, in their Third-Party Complaint, allege that New Enterprises is liable under various theories, all of which arise out of the sale of liquor to Neavear. Because the Policy excludes injuries and damages arising out of the sale of liquor, and because each of these claims is premised upon the sale of liquor to Neavear, Travelers owes no duty to defend or indemnify New Enterprises in the underlying litigation.

## Conclusion

Travelers insured New Enterprises has not answered or defended this declaratory judgment action. As discussed above the liquor liability exclusion precludes coverage for claims arising out of the provision of alcohol to Neavear. The only claims alleged in the Third-Party Complaint against New Enterprises arise out of Neavear's intoxication. Accordingly, just as was the case in *Federated,* Travelers does not owe New Enterprises defense or indemnity for any claims alleged in the underlying state court litigation as a matter of law. Accordingly, this Court should enter a

default judgment in Traveler's favor and enter a declaration that Travelers has no duty to defend

New Enterprises for the litigation involving Neavear.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Sonya R. Burke*
    Jennifer A. Noya
    Sonya R. Burke
    Attorneys for Travelers
    Post Office Box 2168
    Bank of America Centre, Suite 1000
    500 Fourth Street, N.W.
    Albuquerque, New Mexico 87103-2168
    Telephone: (505) 848-1800

WE HEREBY CERTIFY that on this 2nd day of August 2022, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

    Jeff Ray
    Brian Brack
    Rosa Sung
    Ray Pena McChristian PC
    6501 Americas Pkwy NE, Ste 820
    Albuquerque, NM 87110
    505.855.6000
    jray@raylaw.com
    bbrack@raylaw.com
    rsung@raylaw.com
    *Attorneys for Mora and M&J Oilfield Services*

And via US Mail to:

    New Enterprises, LLC
    3706 National Park HWY
    Carlsbad, NM 88220

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Sonya R. Burke*
    Sonya R. Burke

*W4466382.DOCX*

13